IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF | : | CA 14-1523 |
| JOHN J. CASSEL, M.D., PC, Debtor | : | |
| | : | BKY. NO. 12-10368 |
| | : | |

### ORDER

**AND NOW,** this 15th day of December, 2014, upon consideration of Plaintiff's appeal from the bankruptcy court's order granting summary judgment in Defendants' favor, we find as follows:

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

1. This adversary proceeding arises from the Chapter 7 bankruptcy of a professional medical corporation, John J. Cassel, M.D., PC. The proceeding reaches me on appeal from the bankruptcy court's January 29, 2014 order granting summary judgment in Defendants' favor.

2. Plaintiff David Eisenberg is the trustee of the debtor's estate. Defendants John J. Cassel and Jeffrey C. Snyder were physician employees and shareholders of the debtor. (Compl. ¶ 2.) Plaintiff seeks to recover bonus payments made by the debtor to Defendants that he alleges were fraudulent and preferential transfers in violation of 11 U.S.C. § 548, and the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C.S.A. § 5104.[1] On January 29, 2014, the bankruptcy court granted summary judgment in Defendants' favor on all issues raised in the complaint, finding that Plaintiff failed to produce evidence establishing the dates and amounts of the transfers, that the debtor

---

[1] The complaint also contains claims for preferential transfer under 11 U.S.C. § 547 but Plaintiff later abandoned these claims and thus they are not at issue here.

was insolvent at the time of any transfer, or that the debtor did not receive reasonably equivalent value for its payments to Defendants. Plaintiff timely appealed and the appeal is now fully briefed.

## II. LEGAL STANDARD

3. I have jurisdiction to hear an appeal from the final judgment of a bankruptcy court under 28 U.S.C. § 158(a)(1). A district court reviews a bankruptcy court's findings of fact for clear error and reviews legal conclusions de novo. In re Myers, 491 F.3d 120, 125 (3d Cir. 2007).[2]

4. Pursuant to Federal Rule of Bankruptcy Procedure 7056, Federal Rule of Civil Procedure 56 applies to summary judgment motions filed in adversary proceedings. Under Rule 56, a movant is entitled to summary judgment on a claim or defense if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477

---

[2] As an initial matter, the parties disagree about whether the bankruptcy court had the authority to enter final judgment. Plaintiff contends that Stern v. Marshall, 131 S.Ct. 2594 (2011) and its progeny prohibit a bankruptcy court from entering final judgment on fraudulent transfer claims and mandate that we vacate the bankruptcy court's judgment and schedule a trial de novo.

While this appeal was pending, however, the United States Supreme Court decided In re Bellingham Insurance Agency, Inc., 134 S.Ct. 2165 (2014), which rendered this issue moot. The Court held that when faced with a "Stern" claim, a bankruptcy court should submit proposed findings of fact and conclusions of law for de novo review by a district court under 28 U.S.C. § 157(c)(1). Id. at 2173. Accordingly, without deciding whether the bankruptcy court had authority to enter judgment, I will treat the bankruptcy court's order as a Report and Recommendation under 28 U.S.C. § 157(c)(1) and review it de novo. This will provide Plaintiff with the proper level of review, while at the same time alleviating any jurisdictional concerns.

U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the non-moving party. Galena v. Leone, 638 F.3d 186, 196 (3d Cir. 2011). However, Defendants need not refute the essential elements of Plaintiff's claims. To demonstrate entitlement to summary judgment, Defendants need only point out the absence or insufficiency of Plaintiff's evidence. Schwarzmeier v. Allegheny Cnty. Jail, 2010 WL 2898802, at *3 (W.D. Pa. July 22, 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

### III. DISCUSSION

5. The bankruptcy court found that Plaintiff failed to establish critical elements of his fraudulent transfer claims under PUFTA and 11 U.S.C. § 548. To establish constructive fraud under § 548, a trustee must show: "(1) that the debtor had an interest in property; (2) that a transfer of that interest occurred within [two years] of the filing of the bankruptcy petition; (3) that the debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (4) that the debtor received 'less than a reasonably equivalent value in exchange for such transfer.'" BFP v. Resolution Trust Corp., 511 U.S. 531, 535 (1994); Fid. Bond & Mortgage Co. v. Brand, 371 B.R. 708, 719 (E.D. Pa. 2007) ("The constructive fraud provisions of the PUFTA and the Bankruptcy Code should be construed and interpreted uniformly…").[3] Specifically, the bankruptcy court found that Plaintiff identified no evidence establishing the dates and amounts of the transfers, the debtor's insolvency at the time of the payments, or that the debtor received less than reasonably equivalent value in exchange for the payments. Plaintiff points to no evidence of record on appeal to refute these findings.

---

[3] PUFTA applies to transfers made within four years of the filing of the complaint.

6. In fact, Plaintiff's appellate brief contains no record citations whatsoever, nor does it comply with Federal Rule of Bankruptcy Procedure 8010, which governs the form of appellate briefs. As a result, Plaintiff's argument is difficult to untangle. Nonetheless, I have identified Plaintiff's objections to the bankruptcy court's order as follows: the bankruptcy court (1) failed to recognize that the controlling shareholders of a corporation owe a fiduciary duty to creditors; (2) wrongly rejected the report of Plaintiff's auditor; and (3) wrongly placed the burden of proof under PUFTA on Plaintiff. After careful consideration, I conclude that these objections are without merit. I agree with the bankruptcy court that Plaintiff's evidence is deficient and, thus, Defendants are entitled to summary judgment.

7. Regarding the argument that Defendants breached their fiduciary duties, Defendants contend that Plaintiff never before articulated such a claim. The complaint alludes to the fiduciary duties of controlling shareholders. However, in Plaintiff's own words, it is a "complaint to recover fraudulent transfers, preferences and estate property under 11. U.S.C. §§#542, 547 and 548." Plaintiff did not set forth a cognizable claim for breach of fiduciary duty and we will not read one into his complaint for the first time on appeal.

8. Further, the primary case that Plaintiff relies upon in support of his fiduciary duty argument, Pepper v. Litton, 308 U.S. 296 (1939), does not apply here. Pepper involved allegations that officers of a bankrupt corporation filed fraudulent claims against the corporation. The United States Supreme Court held that it was within the power of the bankruptcy court to disallow such claims based on general principles of equity. Id. at 305-06. Notably, Pepper was not decided under the modern Bankruptcy

Code. Under the modern Bankruptcy Code, the elements of a fraudulent transfer claim are well-established. Plaintiff's general appeal to equitable principles does not relieve him of his burden to, at the very least, identify the transfers at issue and produce some evidence of their fraudulent nature. The bankruptcy court found, and I agree, that he has failed to do so.[4]

9. Next, Plaintiff objects to the bankruptcy court's treatment of his auditor's report. The bankruptcy court found that the three-page report is not a true balance sheet analysis, nor is it accompanied by any explanation that would allow the court to determine the debtor's solvency at any particular time. On appeal, Plaintiff insists that the auditor's conclusions that bonus payments to Defendants rendered the debtor insolvent as of December 31 in the years 2008-2010, and that the debtor was insolvent prior to any bonus payments in 2011 are sufficient to defeat Defendants' motion for summary judgment. However, Plaintiff does not address the bankruptcy court's concern that the report provides no explanation of how assets and liabilities were derived. Because the report provides no insight into the auditor's methodology, I agree with the bankruptcy court's finding that the auditor's conclusions do not suffice as evidence of insolvency.

10. Finally, Plaintiff argues that, under PUFTA, the bankruptcy court should have shifted the burden of proof to Defendants to show that the transactions at issue were fair.[5]

---

[4] For instance, the bankruptcy court treated as unopposed and credited as well-supported Defendants' evidence showing that they generated revenue for the debtor that constituted reasonably equivalent value for their compensation. Accordingly, even if Defendants' fiduciary duties are at issue, Plaintiff has identified no evidence that the transfers in question constituted a breach.

[5] To the extent that this argument is based on allegations of actual fraud, I will not consider it. Actual fraud under PUFTA requires that a transfer be made with "intent to hinder, delay, or defraud" creditors. 12 Pa. C.S.A. 5104(a)(1). Plaintiff did not plead actual fraud beyond the

Plaintiff cites In re Blatstein, 192 F.3d 88 (3d Cir. 1999) for the proposition that when a transferor is in debt, PUFTA places the burden on the transferee to prove that the transferor was solvent at the time of the transfer or that it received reasonably equivalent value in return. Id. at 98. I agree with Defendants, however, that this section of Blatstein is dicta that should not guide my analysis on this issue. The exhaustive discussion on this point found in Fidelity Bond and Mortgage Co. v. Brand, 371 B.R. 708, 716-22 (E.D. Pa. 2007) is conclusive, and persuades me that the burden of proof is on Plaintiff to prove his constructive fraud claims.[6]

**WHEREFORE**, it is hereby **ORDERED** that the bankruptcy court's January 29, 2014 order granting summary judgment is **AFFIRMED.** It is further **ORDERED** that to the extent that the claims at issue are Stern claims (see n. 2):

- The Report and Recommendation is **APPROVED** and **ADOPTED**;
- Plaintiff's objections are **OVERRULED**;
- The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**
_____
**Mitchell S. Goldberg, J.**

---

conclusory allegation that transfers were made to avoid paying creditors, nor did he identify any evidence of it on summary judgment. Accordingly, there is no actual fraud claim at issue.

[6] Many courts have held similarly. See, e.g., Titus v. Shearer, 498 B.R. 508, 517 (W.D. Pa. 2013); Cardiello v. Arbogast, 479 B.R. 661, 666 (W.D. Pa. 2012) aff'd, 533 F. App'x 150 (3d Cir. 2013); Castle Cheese, Inc. v. MS Produce, Inc., 2008 WL 4372856, at *24 (W.D. Pa. Sept. 19, 2008); In re C.F. Foods, L.P., 280 B.R. 103, 113 (Bankr. E.D. Pa. 2002).